```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

ELLIE LOTT,

    Plaintiff,

vs.                                              No. 17-2864-JTF-dkv

WHITEHAVEN CARE
LIVING CENTER,

    Defendant.
_____

```
     REPORT AND RECOMMENDATION FOR PARTIAL SUA SPONTE DISMISSAL
                                AND
              TO ISSUE PROCESS ON THE REMAINING CLAIM
```
_____

On November 27, 2017, the plaintiff, Ellie Lott ("Lott"), filed a *pro se* complaint against Whitehaven Care Living Center alleging age discrimination, disability discrimination, and retaliation. (Compl., ECF No. 1.) On November 29, 2017, the court issued an order granting Lott leave to proceed *in forma pauperis*. (ECF No. 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons that follow, it is recommended that Lott's age discrimination and disability discrimination claims against Whitehaven Care Living Center be dismissed *sua sponte* for

failure to state a claim upon which relief may be granted but that Lott's retaliation claim against Whitehaven Care Living Center be allowed to proceed.

## I. PROPOSED FINDINGS OF FACT

Lott filed her complaint on a court-supplied form styled "Complaint," in which she checked the boxes corresponding to age discrimination, disability discrimination, and retaliation. (Compl. ¶¶ 1, 6, ECF No. 1.) Lott attached to her complaint the Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") dated August 31, 2017. (ECF No. 1-1.) Lott indicates on her complaint that she was born in 1955 and is sixty-one years old. (Compl. ¶¶ 9, 10, ECF No. 1.)

In the section of the form complaint calling for the facts of the case, Lott alleges she filed an EEOC charge against Whitehaven Care Living Center asserting discrimination based on age and disability. (*Id.* ¶ 10.) Lott alleges that her employment was terminated less than two months after she filed her charge of age and disability discrimination with the EEOC for insubordination due to not carrying the company phone when passing medicines. (*Id.* ¶ 10.) Lott further alleges that she is aware of other LPNs who did not file EEOC charges who were not disciplined when they failed to carry the company phone when passing medicines. (*Id.*)

## II. PROPOSED CONCLUSIONS OF LAW

2

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening of Lott's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

   (i)  is frivolous or malicious;

   (ii) fails to state a claim on which relief may be granted; or

   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Lott's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

"Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard. *Swierkiewicz,* 534 U.S. at 513. Federal Rule of Civil Procedure 8(a) provides in relevant part that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

4

P. 8(a)(2). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (internal quotations and citation omitted).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)(internal quotations and citation omitted)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se*

5

litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Lott's Age Discrimination Claim

Lott checked the box on the form complaint next to discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, ("ADEA"). (Compl. 1, ECF No. 1.) The ADEA prohibits an employer from discriminating "against any individual with respect to his terms of compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of age discrimination under the ADEA, a plaintiff must establish: (1) she was a member of the protected class, meaning she was at least 40 years old; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a substantially younger individual. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008)(citing *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 317 (6th Cir. 2007)); *see also Skelton v. Sara Lee Corp.*, 249 F. App'x 450, 456 (6th Cir. 2007)(stating the same). A plaintiff may also satisfy the

6

fourth prong of a *prima facie* case by providing evidence that she "was treated differently than similarly situated non-protected employees." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992).

Here, Lott does not allege sufficient facts in support of her age discrimination claim. Although Lott alleges that she was over forty years of age at the time of the discrimination, she does not provide any evidence that she was treated differently than younger workers or that she was replaced by a younger nurse. (*See* Compl. ¶¶ 9, 10, ECF No. 1.) Because there are no facts provided in the complaint from which the court can plausibly infer age discrimination, it is recommended that Lott's age discrimination claim be dismissed *sua sponte* for failure to state a claim.

D.  Lott's Disability Discrimination Claim

Lott also checked the box on the form complaint next to discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.*, ("ADA"). (Compl. 1, ECF No. 1.) The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "A *prima facie* case of disability discrimination

7

under the ADA requires that a plaintiff show: '1) he or she is disabled; 2) otherwise qualified for the position, with or without reasonable accommodation; 3) suffered an adverse employment decision; 4) the employer knew or had reason to know of the plaintiff's disability; and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced.'" *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 703 (6th Cir. 2008)(citing *Macy v. Hopkins Cty. Sch. Bd. of Educ.,* 484 F.3d 357, 365 (6th Cir. 2007)(abrogated on other grounds)).

Here, Lott does not allege sufficient facts in support of her disability discrimination claim. First, Lott has not alleged any facts indicating that she is disabled. (*See* Compl., ECF No. 1.) Lott has also failed to allege that Whitehaven Care Living Center knew she was disabled, that she was replaced by a nondisabled person, or that her position remained open while the employer sought other applicants. (*See id.*) For these reasons, Lott has not pled sufficient facts to place Whitehaven Care Living Center on notice of her ADA disability discrimination claim; accordingly, this court recommends *sua sponte* dismissal of Lott's ADA claim.

E. <u>Lott's Retaliation Claim</u>

Lott alleges that Whitehaven Care Living Center retaliated against her for engaging in protected activity. (*Id*. ¶ 6, 10.)

The essential elements of a Title VII retaliation claim are: (1) that a plaintiff acted in a manner protected by Title VII; (2) that the defendant knew of this exercise of protected activity; (3) that the defendant subsequently took an adverse action against her; and (4) the adverse action had a causal connection to the protected activity. *Lundy v. Gen. Motors Corp.*, 101 F. App'x 68, 73 (6th Cir. 2004)(citing *Morris v. Oldham Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000)); *see also Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007)("Title VII's anti-retaliation provision is similar in relevant respects to the ADEA's anti-retaliation provision, and [] it is therefore appropriate to look to cases construing Title VII as a source of authority for interpreting the ADEA's anti-retaliation clause."); *Penny v. United Parcel Serv.*, 128 F.3d 408, 417 (6th Cir. 1997)("Retaliation claims are treated the same whether brought under the ADA or Title VII."). There are two types of "protected activity" for purposes of a Title VII retaliation claim: (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII, and (2) making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII.  42 U.S.C. § 2000e-3(a).  In regards to the fourth prong, the Sixth Circuit in *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516 (6th Cir. 2008) explained:

> Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation. But where some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality.

*Id.* at 525. "[C]ases that have permitted a prima facie case to be made based on the proximity of time have all been short periods of time, usually less than six months." *Parnell v. West*, 114 F.3d 1188, at *3 n.1 (6th Cir. 1997)(listing a number of cases that support this proposition).

Here, Lott alleges that she filed a charge of discrimination against Whitehaven Care Living Center based on age and disability on December 22, 2016, and that on February 8, 2017, less than two months later, she was discharged. (Compl. ¶ 10, ECF No. 1.) She attached a copy of the EEOC Right to Sue letter to her complaint that evidences the charge of disability and age discrimination was filed with the EEOC. (ECF No. 1-1.) The EEOC Right to Sue letter indicates the letter was also sent to the attorney for Whitehaven Care Living Center. (*Id.*) Filing a discrimination claim with the EEOC is a protected activity. *See Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014). Whitehaven Care Living Center knew of the EEOC charge, and Lott was terminated within two months of filing her

10

EEOC charge. For these reasons, the factual allegations in Lott's complaint are sufficient to put Whitehaven Care Living Center on notice of a retaliation claim.[1]

### III. RECOMMENDATION

For the foregoing reasons, this court recommends that Lott's ADEA and ADA claims be dismissed *sua sponte* for failure to state a claim on which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) but that Lott's retaliation claim be allowed to proceed.

This court recommends that the Clerk be directed to issue process for Whitehaven Care Living Center and to deliver that process to the marshal for service along with a copy of the complaint, this Report and Recommendation, and any order regarding this Report and Recommendation; that service be made on Whitehaven Care Living Center pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure;[2] and that all costs of service be advanced by the United States.

---

[1] The court is unable to tell from the complaint whether Lott ever filed a charge of retaliation with the EEOC, and the court makes no determination at this time as to whether she was required to do so.

[2] Lott lists the following address for Whitehaven Care Living Center:

1076 Chambliss
Memphis, TN 38116

11

It is further recommended that Lott be ordered to serve a copy of every document filed in this cause on the attorney for Whitehaven Care Living Center, make a certificate of service on every document filed, familiarize herself with the Federal Rules of Civil Procedure and this court's local rules,[3] promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of her case without further notice.

Respectfully submitted this 17th day of January, 2018.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

[3] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.